UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARBER BROS., INC.                          *

VERSUS                                      *          CIVIL ACTION NO:

M/V FIRST & TEN, her engines,               *
tackle, equipment, appurtenances, etc.,
*in rem*, PSV TRIPLE PLAY,                   *          SECTION "___" MAG. DIV. ( )
her engines, tackle, equipment,
appurtenances, etc., *in rem*, PSV           *
DOUBLE EAGLE, her engines, tackle,
equipment, appurtenances, etc., *in rem*,    *          DISTRICT JUDGE:
PSV COLLINS TIDE, her engines, tackle,
equipment, appurtenances, etc., *in rem,*    *
PSV ED KYLE, her engines, tackle,
equipment, appurtenances, etc., *in rem,*    *          MAGISTRATE JUDGE:
PSV HAT TRICK, her engines, tackle
equipment, appurtenances, etc., *in rem,*    *
D/B ARAPAHO, her engines, tackle,
equipment, appurtenances, etc., *in rem,*    *
PSV DAVIDSON TIDE, her engines,
tackle, equipment, appurtenances, etc.       *
*in rem,* PSV LUANDA TIDE, her engines,
tackle, equipment, appurtenances, etc.       *
*in rem,* PSV DE VRIES TIDE, her engines,
tackle, equipment, appurtenances, etc.,      *
*in rem,* PSV AMADON TIDE II, her engines,
tackle, equipment, appurtenances, etc.,      *
*in rem*, and EPIC COMPANIES, LLC,
*in personam*                                *
*******************************************************************************

## VERIFIED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes claimant, Garber Bros., Inc.,

and for their Verified Complaint against the M/V FIRST & TEN, her tackle, furniture, apparel,

appurtenances, etc., *in rem*, PSV TRIPLE PLAY, her tackle, furniture, apparel, appurtenances,

etc., *in rem*, PSV DOUBLE EAGLE, her tackle, furniture, apparel, appurtenances, etc., *in rem,*

PSV COLLINS TIDE, her tackle, furniture, apparel, appurtenances, etc., *in rem*, PSV ED KYLE,

her tackle, furniture, apparel, appurtenances, etc., *in rem*, PSV HAT TRICK, her tackle, furniture,

apparel, appurtenances, etc., *in rem,* D/B ARAPAHO, her tackle, furniture, apparel, appurtenances, etc., *in rem,* PSV DAVIDSON TIDE, her tackle, furniture, apparel, appurtenances, etc., *in rem,* PSV LUANDA TIDE, her tackle, furniture, apparel, appurtenances, etc., *in rem,* PSV DE VRIES TIDE, her tackle, furniture, apparel, appurtenances, etc., *in rem,* PSV AMADON TIDE, II, her tackle, furniture, apparel, appurtenances, etc., *in rem,* and EPIC COMPANIES, LLC, *in personam,* stating an admiralty and maritime claim within this Honorable Court's admiralty and maritime jurisdiction in accordance with Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, respectfully allege upon information and belief as follows:

## JURISDICTION AND VENUE

### I.

Jurisdiction is proper in accordance with 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.  Venue is also proper in this district in accordance with 28 U.S.C. §1391(b)(2) and (d) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## PARTIES

### II.

Claimant, Garber Bros., Inc., is a corporation incorporated under the laws of the State of Louisiana and doing business within the State of Louisiana.

### III.

Upon information and belief, defendant, Epic Companies, LLC, was and is a foreign limited liability company, doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court, and was and is the registered owner/operator of *in rem* defendants, the

M/V FIRST & TEN, PSV TRIPLE PLAY, PSV DOUBLE EAGLE, PSV COLLINS TIDE, PSV

ED KYLE, PSV HAT TRICK, D/B ARAPAHO, PSV DAVIDSON TIDE, PSV LUANDA TIDE,

PSV DE VRIES TIDE, and PSV AMADON TIDE II (collectively, referred to as the "Vessels").

IV.

At all material times, defendant, the M/V FIRST & TEN, IMO No. 9382267, was and is

registered in the United States of America, and is 57.9 meters in length with a gross tonnage of

1455 tons.  The *in rem* defendant is now or will during the pendency of this lawsuit be upon the

navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable

Court.

V.

At all material times, defendant, the PSV TRIPLE PLAY, IMO No. 9382310, was and is

registered in the United States of America, and is 57.91 meters in length with a gross tonnage of

1,455 tons.  The *in rem* defendant is now or will during the pendency of this lawsuit be upon the

navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable

Court.

VI.

At all material times, defendant, the PSV DOUBLE EAGLE, IMO No. 9382279, was and

is registered in the United States of America, and is 57.9 meters in length with a gross tonnage of

1455 tons.  The *in rem* defendant is now or will during the pendency of this lawsuit be upon the

navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable

Court.

VII.

At all material times, defendant, the PSV COLLINS TIDE, IMO No. 9264556, was and is registered with the Republic of Vanuatu, and is 67.06 meters in length with a gross tonnage of 1882 tons. The *in rem* defendant is now or will during the pendency of this lawsuit be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

VIII.

At all material times, defendant, the PSV ED KYLE, IMO No. 9264568, was and is registered with the Republic of Vanuatu, and is 66.4 meters in length with a gross tonnage of 1882 tons. The *in rem* defendant is now or will during the pendency of this lawsuit be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

IX.

At all material times, defendant, the PSV HAT TRICK, IMO No. 9382346, was and is registered with the United States of America, and is 57.9 meters in length with a gross tonnage of 1455 tons. The *in rem* defendant is now or will during the pendency of this lawsuit be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

X.

At all material times, defendant, the D/B ARAPAHO, IMO No. 8757958, was and is registered with the United States of America, and is 107 meters in length with a gross tonnage of 5387 tons. The *in rem* defendant is now or will during the pendency of this lawsuit be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

4

XI.

At all material times, defendant, the PSV DAVIDSON TIDE, IMO No. 9421817, was and is registered with the Republic of Vanuatu, and is 73.6 meters in length with a gross tonnage of 2177 tons.  The *in rem* defendant is now or will during the pendency of this lawsuit be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

XII.

At all material times, defendant, the PSV LUANDA TIDE, IMO No. 9249192, was and is registered with the Republic of Vanuatu, and is 67 meters in length with a gross tonnage of 2149 tons.  The *in rem* defendant is now or will during the pendency of this lawsuit be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

XIII.

At all material times, defendant, the PSV DE VRIES TIDE, IMO No. 9258143, was and is registered with the Republic of Vanuatu, and is 71.9 meters in length with a gross tonnage of 2150 tons.  The *in rem* defendant is now or will during the pendency of this lawsuit be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

XIV.

At all material times, defendant, the PSV AMADON TIDE II, IMO No. 9418353, was and is registered with the Republic of Vanuatu, and is 64.8 meters in length with a gross tonnage of 1937 tons.  The *in rem* defendant is now or will during the pendency of this lawsuit be upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

## CLAIMS AGAINST DEFENDANTS

### XV.

On March 27, 2019, Garber Bros., Inc. and Epic Companies, LLC entered into a Master Time Charter Agreement, attached hereto as Exhibit A, wherein Garber Bros. would provide marine transportation services to Epic Companies.  From approximately April 10, 2019 to May 21, 2019, Garber Bros. provided marine transportation services to the Vessels that were essential to and necessary to the operation of the Vessels and the accomplishment of their missions.

### XVI.

Garber Bros. invoiced Epic Companies for $3,712.50 for marine transportation services provided to the M/V FIRST & TEN, which amount Epic Companies has failed to pay despite notice and demand to do so.

### XVII.

Garber Bros. invoiced Epic Companies for $8,616.67 for marine transportation services provided to the PSV TRIPLE PLAY, which amount Epic Companies has failed to pay despite notice and demand to do so.

### XVIII.

Garber Bros. invoiced Epic Companies for $9,112.50 for marine transportation services provided to the PSV DOUBLE EAGLE, which amount Epic Companies has failed to pay despite notice and demand to do so.

### XIX.

Garber Bros. invoiced Epic Companies for $5,687.50 for marine transportation services provided to the PSV COLLINS TIDE, which amount Epic Companies has failed to pay despite notice and demand to do so.

XX.

Garber Bros. invoiced Epic Companies for $10,891.66 for marine transportation services provided to the PSV ED KYLE, which amount Epic Companies has failed to pay despite notice and demand to do so.

XXI.

Garber Bros. invoiced Epic Companies for $8,616.67 for marine transportation services provided to the PSV HAT TRICK, which amount Epic Companies has failed to pay despite notice and demand to do so.

XXII.

Garber Bros. invoiced Epic Companies for $39,675.00 for marine transportation services provided to the D/B ARAPAHO, which amount Epic Companies has failed to pay despite notice and demand to do so.

XXIII.

Garber Bros. invoiced Epic Companies for $1,300.00 for marine transportation services provided to the PSV DAVIDSON TIDE, which amount Epic Companies has failed to pay despite notice and demand to do so.

XXIV.

Garber Bros. invoiced Epic Companies for $1,137.50 for marine transportation services provided to the PSV LUANDA TIDE, which amount Epic Companies has failed to pay despite notice and demand to do so.

XXV.

Garber Bros. invoiced Epic Companies for $1,137.50 for marine transportation services provided to the PSV DE VRIES TIDE, which amount Epic Companies has failed to pay despite notice and demand to do so.

XXVI.

Garber Bros. invoiced Epic Companies for $11,775.00 for marine transportation services provided to the PSV AMADON TIDE II, which amount Epic Companies has failed to pay despite notice and demand to do so.

XXVII.

The Master Time Charter Agreement provides that invoices issued by Garber Bros. were to be paid within sixty (60) days of receipt.  By failing to pay the invoices within the agreed upon payment terms, Epic Companies has breached the Master Time Charter Agreement.

XXVIII.

Claimant, Garber Bros., is entitled to a maritime lien against the Vessels and is legally entitled to seize said Vessels pursuant to their rights under the general maritime law and admiralty laws of the United States and have it sold to satisfy any judgment which might be rendered in this matter.  Claimant provided marine transportation services to the Vessels on the order of the owner or a person authorized by the owner, which services constitute necessaries under the Federal Maritime Lien Act, 46 U.S.C. § 31342 as defined in 46 U.S.C. § 31301.

XXIX.

Upon information and belief, the Vessels are presently, or will during the pendency of this action be, on the navigable waters of Louisiana within the district and within the jurisdiction of this Honorable Court and are subject to arrest pursuant to Rule C of the Supplemental Rules for

Certain Admiralty and Maritime Claims of the Federal Rules of Civil procedures to enforce Claimant's maritime liens on those Vessels.

XXX.

Despite amicable demand, Claimant's invoices remain unpaid, and Epic Companies, LLC is indebted to the Claimant for the said amounts.

XXXI.

Claimant reserves the right to supplement and amend this Verified Complaint as necessary and appropriate through discovery of additional information relevant hereto.

XXXII.

In accordance with applicable Local Admiralty Rules, Claimant agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies for any and all liabilities as a result of seizing the aforesaid property.

**PRAYER FOR RELIEF**

**WHEREFORE,** Claimant, GARBER BROS., INC., prays:

1. That after due proceedings, judgment be entered herein in favor of the Claimant and against Offshore Epic Companies, *in personam*, in the amount of $101,664.50, plus accrued interest, costs, attorney's fees, and all such other sums to which Claimant is entitled;

2. For process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure be used by the Court against the Vessels, their tackle, furniture, apparel, appurtenances, etc., that all persons having a claim and interest therein be cited to appear herein and answer, under oath, all and singular matters aforesaid, and that the Vessels be seized, condemned and sold to satisfy all amounts owed to Claimant, Garber Bros., Inc., as set forth herein;

3. For judgment *in rem* against the Vessels in the full amount due as set forth herein, including pre-judgment interest, costs, seizure expenses, and all attorney's fees;

4. That the United States Marshal for this District arrest the said vessel and maintain custody over it until such time as the claimant thereto posts security sufficient in form and amount to secure the Claimant's claims herein;

5. That any property arrested in this proceeding be sold under the direction of this Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to Garber Bros., Inc. as set forth herein;

6. That defendants be cited to appear and answer the matters aforesaid;

7. That this Honorable Court grant Claimant such other and further relief which it may deem just and proper.

Respectfully submitted,

_/s/ Thomas M. Dupont_____ ____
*T*HOMAS M. DUPONT - I.D. NO. 29162
5900 Highway 90 East
Broussard, LA 70518
Telephone: (337) 322-2720
tduponte@offshorees.com

**COUNSEL FOR CLAIMANT, GARBER BROS., INC.**

## **CERTIFICATE**

I HEREBY CERTIFY that the above and foregoing has this date been served on all

counsel of record in this proceeding by:

(     ) Hand Delivery                 (     ) Prepaid U.S. Mail

(     ) Facsimile                         (     ) Federal Express

(  X  ) CM/ECF Filing System

Broussard, Louisiana, this __22nd__ day of July, 2019.

_/s/ Thomas M. Dupont_____
THOMAS M. DUPONT - I.D. NO. 29162
5900 Highway 90 East
Broussard, LA 70518
Telephone: (337) 322-2720
tduponte@offshorees.com